## DANIEL GOOKIN, *Judge of Probate, vs.* BETSEY HOIT *et a.*

In general, no action can be maintained upon a probate bond for the benefit of any particular person, who is interested in the estate of the deceased, unless such person has sustained some particular aggrievance, from the conduct of the executor or administrator.

In a suit upon a probate bond, after a default, it appeared on a hearing in equity, that the estate had been represented insolvent, and a dividend decreed; and that the creditor at whose instance the suit had been brought, had procured the administratrix to be cited to appear before the judge of probate, and render a further account, which she had neglected to do; it was held, that her neglect to appear might be considered as an admission of assets sufficient to pay all the debts, and as a refusal to pay the debt of the creditor, at whose instance she had been cited; and execution was awarded for the balance due to him.

THIS was an action of debt, upon a probate bond, given by *Betsey Hoit*, when administration of the estate of *William H. Hoit* was committed to her.

The defendants having been defaulted, it was moved on behalf of *J. B* for whose benefit this action had been brought, that execution should be awarded for the sum of $74,74, being the amount of the debt due from the estate of the intestate to the said *J. B.*

This motion was founded upon a suggestion, that the estate of the intestate had been represented as insolvent; that the amount of *J. B's.* claim had been found by the commissioners to be $74,74; that personal estate to the value of $213,85, had come to the hands of the said administratrix, which she had never inventoried or accounted for; and that having obtained license to sell all the real estate of the deceased, she had neglected and refused to sell a parcel of land, of which the intestate died seized, of the value of $800. It was further suggested, that if the said personal estate had been duly accounted for, and the said real estate sold, there would have been found to be sufficient estate to pay all the debts.

And the question was, whether, admitting these suggestions to be true, execution ought to be awarded for the amount of *J. B's.* debt?

*S D. Bell*, for the plaintiff.

*French*, for the defendants.

*By the court.* Bonds are given to the judge of probate for the security of those, who are interested in the estates, to which they relate. But in suits on those bonds, individuals are not entitled to judgment, for their particular claims,

upon every breach of the condition. In certain cases, where the breach of the condition of the bond has been a particular prejudice to an individual, he may have such a judgment; and this is believed to be, in general, the utmost extent, in which that remedy has ever been applied. Thus a suit may be maintained upon a probate bond for the particular benefit of an individual, interested in the estate, in the following instances.

1. When an executor, or administrator, having assets, and being, by law, bound to pay a debt, neglects or refuses to pay it, when demanded.

2. When an executor, or administrator, refuses or neglects to pay, upon demand, a dividend ordered by the judge of probate, by a decree of distribution of an insolvent estate, to be paid to a creditor.

3. When an executor, or administrator, neglects to pay, on demand, to an heir, a share in the estate, ordered by the judge of probate to be paid

4. When an executor neglects to pay, upon demand, a legacy, which he is, by law, bound to pay.

In Massachusetts, suits upon probate bonds are regulated by the statute of 1786, *Chap.* 55; and the following decisions of the supreme court of that state will be found to throw much light upon the subject. 4 *Mass. Rep.* 318, *Selectmen of Boston vs. Boylston.*—14 *ditto* 428, *Prescott vs. Parker.*—16 *ditto* 524, *Robbins vs. Hayward.*—13 *ditto* 365, *Paine vs. Gill.* —9 *ditto* 337, *Dawes vs. Boylston.*—9 *ditto* 114, *Cony vs. Williams.*

Our statute of 1822, *Chap.* 32, regulating suits on probate bonds, gives the remedy to persons " aggrieved by a breach " of the condition "

In the case now before us, the creditor, for whose benefit the suit has been prosecuted, has received no prejudice, peculiar to himself, from the neglect of the administratrix — No refusal to pay the dividend, decreed to be paid to him, is suggested. The neglect of the administratrix, stated, is as direct an injury to every other creditor. as to him. It seems to us, that the remedy to be pursued by the creditor, for

whose benefit this suit is brought, is to cite the administra-
trix to appear before the judge of probate, and account for
the estate she may have received, and for her neglect to sell
the real estate.

After the court had, at a former term, intimated to the
counsel the foregoing opinion, the cause was continued, for
the purpose of giving the creditor, who prosecuted the suit,
an opportunity to cite the administratrix to account, in the
probate court.

And now it being admitted, that the administratrix had
been duly cited to appear before the judge of probate, and
render a further account, and that she had neglected to ap-
pear, in obedience to the citation, *Bell*, for the plaintiff, con-
tended, that her neglect to appear and account ought to be
considered as a confession of assets sufficient to pay all the
debts, and as a refusal to pay the debt of the party, at whose
promotion this action was brought, and the citation issued.

*French*, for the defendants, said, that it was not the inten-
tion of the administratrix to refuse to account ; but supposing,
that the decision in the probate court would not be likely to
satisfy both parties, and that in case she neglected to appear,
the judge of probate would charge her with a sum, sufficient
to pay all the debts, she had concluded to permit herself thus
to be charged, and then bring the case, by appeal, to this
court.

*By the court.*    Whether the judge of probate had authority
to charge the administratrix in her absence, as stated by her
counsel, we are not prepared to decide ; nor is it necessary,
at this time, to form any opinion upon that question.    Being
duly cited to appear before the judge of probate, and render
a further account, the administratrix neglected to appear ;
and, in our opinion, it is no apology for this neglect, that she
expected to have been charged by the judge, and intended
to have appealed from his decree, and to have brought the
subject before this court.    The creditor, at whose instance
the citation issued, was entitled to have her account render-
ed, on oath, in the probate court, without being subjected to
the trouble and expenses of an appeal.    And we think, that

Gookin
*vs.*
Hou et a.

under the circumstances of this case, no injustice will be done, by taking her refusal to appear, and account, as an admission of sufficient assets, and as a refusal to pay the debt of the creditor, at whose instance she was cited to appear.

It is possible, that she may have acted under a misconception of her duty and if the sum, for which execution may be awarded in this case, were of any considerable amount, we might be disposed upon terms, to enable her to correct any mistake she may have made. But this is a hearing in equity after a default ; and the defendants will, at all events, be liable to the costs of the suit, which will be increased by further delay ; and the balance due to the creditor, for whose benefit this suit is prosecuted, after deducting the dividend, decreed to him by the judge of probate, is so small that it seems to us, justice to all concerned, requires us to award execution, at this time, for that balance.